%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Samuel Bridges

## DEFENDANTS
Remington Arms Company, Inc. and RA Branch, LLC

(b) County of Residence of First Listed Plaintiff: **Montgomery County**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **Rockingham County**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Marc D. Vitale, Esquire - Brownstein Vitale & Weiss, P.C.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☒ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Diversity 28 USCA §1332
Brief description of cause:
Defective shotgun shell exploded

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ **$150,000.00**
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE: 12-23-10
SIGNATURE OF ATTORNEY OF RECORD: Marc D. Vitale

DEC 23 2010

**FOR OFFICE USE ONLY**
RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 421 East Basin Street, Norristown, PA 19401

Address of Defendant: 870 Remington Drive, Madison, NC 27025

Place of Accident, Incident or Transaction: Oaks, PA

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)) Yes☐ No☒

Does this case involve multidistrict litigation possibilities? Yes☐ No☒

RELATED CASE, IF ANY:
Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐ No☐
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐ No☐
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐ No☐
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐ No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☒ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Marc D. Vitale, Esquire, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 12-23-10     _____Marc J. Vitale_____     65272
                    Attorney-at-Law              Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 12-23-10     _____Marc J. Vitale_____     65272
                    Attorney-at-Law              Attorney I.D.#

CIV. 609 (6/08)



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

SAMUEL BRIDGES
: CIVIL ACTION
v.
REMINGTON ARMS, ET AL :
NO. 10  7487

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (X)

12/23/10
_____   _____   PLAINTIFF
Date              Attorney-at-law   Attorney for

_____   _____   _____
Telephone         FAX Number        E-Mail Address

(Civ. 660) 10/02

DEC 23 2010

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT

FILED
DEC 23 2010
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

SAMUEL BRIDGES
421 East Basin Street
Norristown, PA 19401

v.

REMINGTON ARMS COMPANY, INC.
870 Remington Drive
Madison, NC 27025

and

RA BRANCH, L.L.C.
870 Remington Drive
Madison, NC 27025

10   7487

COMPLAINT AND JURY DEMAND

## JURISDICTION STATEMENT

1. Plaintiff, Samuel Bridges is an individual and citizen of the Commonwealth of Pennsylvania who resides at the address indicated above.

2. Defendants, Remington Arms Company, Inc. and RA Branch, L.L.C. are corporations and/or companies authorized and existing under the laws of the State of North Carolina, whose principal place of business is located in the State of North Carolina at the address mentioned above.

3. Jurisdiction is conferred on this Court by virtue of diversity of citizenship, the value of Plaintiff's damages exceed the threshold amount pursuant to 28 USCA §1332.

## COMPLAINT

1. Plaintiff, Samuel Bridges is an adult individual residing at the address set forth above.

2. Defendant, Remington Arms Company, Inc. is, upon information and belief, a

    corporation authorized to do business in the Commonwealth of Pennsylvania at the above address.

3. Defendant, RA Branch, L.L.C. is, upon information and belief, a limited liability company authorized to do business in the Commonwealth of Pennsylvania.

4. At all times material hereto, the actions and/or inactions of the individual Defendants were performed or not performed by and through their own duly authorized agents, servants, workmen or employees who were then and there acting within the course and scope of their authority and employment.

5. Said Defendants did, at all times material hereto, manufacture, formulate, design, produce, package, process, market, sell and distribute a 12 gauge game load plastic shotgun shotshell (hereinafter referred to as "shotshell").

6. At all times material hereto, Defendants controlled all aspects of the manufacture, formulation, design, production, packaging, marketing, sale, and distribution of the shotshell.

7. On or about December 29, 2008, Plaintiff, Samuel Bridges fired the Defendants' aforesaid shotshell when it malfunctioned and exploded injuring his right hand.

8. As a result of the accident, Plaintiff, Samuel Bridges sustained the injuries and damages described more fully herein.

## COUNT I
## STRICT PRODUCTS LIABILITY

9. The averments of Paragraphs 1-8 above are hereby incorporated by reference as though set forth at length herein.

10. At all times material hereto, the shotshell, purchased and used by Plaintiff, was

manufactured, formulated, designed, processed, built, packaged, marketed, transported, sold and distributed by Defendants with the expectation that it would reach consumers in Pennsylvania and did in fact reach such consumers, including Plaintiff, Samuel Bridges without substantial change in the condition in which it was sold.

11. At all times material hereto, the shotshell purchased and used by Plaintiff, was manufactured, formulated, designed, processed, built, packaged, marketed, transported, sold and distributed by Defendants in a defective and unreasonably dangerous condition, and such condition existed at the time it was placed in the stream of commerce.

12. The shotshell purchased and used by Plaintiff, was defective and unreasonably dangerous in one or more of the following particulars:

   a. When placed in the stream of commerce, the shotshell contained unreasonably dangerous design and/or manufacturing defects and were not reasonably safe as intended to be used, subjecting its users, including Plaintiff, to risks which exceeded the benefits of its use;

   b. When placed in the stream of commerce, the shotshell was defective in design and formulation, thereby making its use more dangerous than would be expected;

   c. The shotshell was accompanied by inadequate instructions and/or warnings, if any, which would inform its users, including Plaintiff, of the full nature or extent of the risks or dangers associated with its use;

   d. The shotshell was dangerous which Plaintiff was not aware and which made the shotshell unreasonably dangerous for its intended use.

13. As a result of his purchase and use of the shotshell, Plaintiff has suffered injuries as may be diagnosed by Plaintiff's health care providers which are or may be serious and

permanent in nature, including but not limited to an injury of the right hand, fractured finger on the right hand, lacerations and scarring which cause him great pain and suffering.

14. As a further result of his purchase and us of the shotshell, Plaintiff has been or will be required to receive and undergo medical care, and to expend various sums of money and to incur various expenses for the injuries he has suffered, and he may be required to continue to expend such sums or incur such expenditures for an indefinite time in the future.

15. As a further result of his purchase and use of the shotshell Plaintiff has suffered medically determinable physical impairments which prevent him from performing all or substantially all of the material acts and work duties which constitute his usual and customary activities, all to his great financial detriment and loss.

16. As a further result of his purchase and use of the shotshell, Plaintiff has or may hereafter incur other financial expenses which do or may exceed amounts which he may otherwise be entitled to recover.

17. As a further result of his purchase and use of the shotshell, Plaintiff has suffered severe physical pain, disfigurement, mental anguish and humiliation, and he may continue to suffer the same for an indefinite time in the future.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor and against all Defendants, jointly and severally, in an amount in excess of ONE HUNDRED FIFTY THOUSAND ($150,000.00) DOLLARS together with any and all other costs permitted by law or which the Court may deem just.

## COUNT II

## **NEGLIGENCE**

18. The averments of Paragraphs 1-17 above are hereby incorporated by reference as though set forth at length herein.

19. Defendants, either directly or indirectly, negligently and/or defectively maintained, altered, manufactured, formulated, designed, produced, packaged, marketed, sold and distributed the shotshell in Pennsylvania used by Plaintiff.

20. At all times material hereto, Defendants had a duty to any and all purchasers and users of lifts including Plaintiff, to exercise reasonable care in the manufacture, formulation, design, maintenance, alteration, production, packaging, marketing, distribution, testing, processing, advertising, labeling, assembling, promotion and sale of the shotshells purchased and used by Plaintiff.

21. Defendants breached the duty owed to Plaintiff and were negligent in the maintenance, alteration, manufacture, formulation, design, production, packaging marketing, distribution, testing, processing, advertising, labeling, assembling, promotion and sale of the shotshell purchased and used by Plaintiff, Samuel Bridges.

22. The negligence and carelessness of Defendants, acting as aforesaid, consisted of, but is not limited to, the following:

    a. failing to adequately and properly inspect its manufacturing process and maintenance procedure;

    b. failing to promulgate, adopt and implement adequate protocols, procedures and/or safeguards which would have prevented the defects and malfunctions of the shotshell;

      c.    failing to adequately and properly inspect its manufacturing facilities.

23.    As a result of his purchase and use of the shotshell, Plaintiff, Samuel Bridges suffered the injuries and damages set forth in Count I above.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor and against all Defendants, jointly and severally, in an amount in excess of ONE HUNDRED FIFTY THOUSAND ($150,000.00) DOLLARS together with any and all other costs permitted by law or which the Court may deem just.

## COUNT III
## BREACH OF EXPRESS AND/OR IMPLIED WARRANTY

24.    The averments of Paragraphs 1-23 above are hereby incorporated by reference as though set forth at length herein.

25.    At the time, place and in the manner of the sale, distribution and supply of the shotshell, Defendants expressly represented and warranted that the product was safe, and impliedly warranted that the product was reasonably fit for its intended purpose, and was of marketable quality.

26.    Notwithstanding the representations made by Defendants, the shotshell, purchased and used by Plaintiff, was unfit and unsafe for its intended purpose; such purpose being use by persons such as Plaintiff.

27.    At the time, place and in the manner of the sale, distribution and supply of the shotshell, it was not reasonably fit or safe for its intended purpose and, therefore, was not of marketable quality, and constituted a potentially extreme hazard and danger to persons using said product, including Plaintiff.

28.    Defendants is in breach of these warranties by failing to warn purchasers and consumers

of the shotshell, including Plaintiff, of known or readily ascertainable risks associated with its use.

29. As a result of Defendants' breach of these warranties, Plaintiff has suffered the injuries and damages as set forth in Count I.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor and against all Defendants, jointly and severally, in an amount in excess of ONE HUNDRED FIFTY THOUSAND ($150,000.00) DOLLARS together with any and all other costs permitted by law or which the Court may deem just.

## COUNT IV
## STRICT SELLER LIABILITY

30. The averments of Paragraphs 1-29 above are hereby incorporated by reference as though set forth at length herein.

31. At all times material hereto, the Defendants were the sellers and/or suppliers of the defective shotshell purchased and used by Plaintiff, Samuel Bridges and were engaged in the business of selling such products.

32. For all of the reasons set forth herein at length, the shotshell purchased by Plaintiff from the Defendants was defective and unreasonably dangerous for use by Plaintiff.

33. As a result of his purchase and use of the defective shotshell from the Defendants, Plaintiff has suffered the injuries and damages as set forth in Count I above.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor and against all Defendants, jointly and severally, in an amount in excess of ONE HUNDRED FIFTY THOUSAND ($150,000.00) DOLLARS together with any and all other costs permitted by law or which the Court may deem just.

BROWNSTEIN VITALE & WEISS, P.C.

BY: _____
MARC D. VITALE, ESQUIRE
ATTORNEY FOR PLAINTIFF
Two Penn Center Plaza
1500 JFK Blvd., Suite 1020
Philadelphia, PA 19102
(215) 751-1600
Fax: (215) 751-1660

## JURY DEMAND

Plaintiff hereby demands a Jury Trial of six (6) members on all issues contained herein.

BROWNSTEIN VITALE & WEISS, P.C.

BY: _____
MARC D. VITALE, ESQUIRE
ATTORNEY FOR PLAINTIFF

## CERTIFICATION PURSUANT TO RULE 4:5-1

I certify that to my knowledge no action arising from the same incident has been filed on behalf of Plaintiff in this or any other county.

BROWNSTEIN VITALE & WEISS, P.C.

BY: _____
MARC D. VITALE, ESQUIRE
ATTORNEY FOR PLAINTIFF